McGREGOR W. SCOTT
United States Attorney

PAUL S. HAM
JUSTIN S. KIM
Trial Attorneys, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC  20044-0683
Telephone: (202) 307-6421
Telephone: (202) 307-0977
Facsimile:  (202) 307-0054
E-mail:  paul.s.ham@usdoj.gov
E-mail:  justin.s.kim@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>J. LEONARD PADILLA, et al.,<br><br>            Defendants. | Civil No. 2:01-cv-2301-DFL-GGH<br><br>**UNITED STATES' REQUEST FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT, and [Proposed] ORDER** |

The United States of America, through undersigned counsel, hereby requests the Court to grant it leave to file its Second Amended Complaint (attached). In support thereof, the United States states as follows:

1.      On December 17, 2001, the United States filed this action seeking, *inter-alia*, to reduce Rose Moreno-Padilla's ("Moreno-Padilla") tax liabilities to judgment and to foreclose its tax liens securing J. Leonard Padilla's ("Padilla") and Moreno-Padilla's tax liabilities against a sixty-acre parcel of real property located in Natomas, California ("Natomas Property"). In a separate but related action (<u>United States v. J. Leonard Padilla, et al.</u>, No. Civ-S-01-2300-DFL-GGH (E.D. Cal. filed on December 17, 2001)), the Court has already adjudged that Padilla is indebted to the United States in the amount of $2,158,760.41 plus accrued interest and penalties since February 29, 2004 for unpaid income taxes for the years 1986-1988 and 1992-1999. See

1  Docket (<u>United States v. J. Leonard Padilla, et al.</u>, No. Civ-S-01-2300-DFL-GGH), No. 73.  The
2  Court, in this action (CIV-S-01-2301-FCD-JFM), has adjudged that Moreno-Padilla is indebted
3  to the United States in the amounts of $429,755.03 and $734.23 for the 1996 and 1997 tax years,
4  respectively, plus any accrued interest and penalties since August 16, 2001 for unpaid income
5  taxes.  <u>See</u> Docket, No. 146.

6      2.    The United States, Padilla, Moreno-Padilla, and Julie Padilla are the only
7  remaining active parties in this action.  The United States has entered into stipulations with
8  defendants Nelly Patino, State of California Franchise Tax Board, and Robert Wilkes, agreeing to
9  their relative lien priorities on the Natomas Property.  <u>See</u> Docket, Nos. 120, 121, & 147.  The
10 remaining defendants have been terminated from this action as follows: (1) Clifford W. Elridge
11 & Clifford J. Elridge - defaults entered on June 10, 2005 (<u>see</u> Docket, Nos. 149 & 150); (2)
12 Natomas Central Mutual Water Company - disclaimer of interest and dismissal entered on
13 October 17, 2003 (<u>see</u> Docket, No. 103); and (3) Carlos M. Alcala - dismissal entered on
14 November 18, 2004 (<u>see</u> Docket, No. 122).

15     3.    After the parties filed their Joint Status Report on September 23, 2005, the
16 United States discovered another party, California Service Bureau of Marin County, Inc.
17 ("Service Bureau"), that may claim an interest in the Natomas Property from its analysis of a title
18 report generated on October 27, 2005 ("Title Report").  <u>See</u> Exhibit A (copy of Title Report, ¶ 11
19 of page 4), attached to the Declaration of Paul Ham ("Ham Decl."); <u>see also</u> Exhibit B (copy of
20 judgment entered against Moreno-Padilla that forms the basis of Service Bureau's claim),
21 attached to Ham Decl.  On a previous title report relied upon by the United States, Service
22 Bureau did not appear as a potential claimant against the Natomas Property.  <u>See generally</u>,
23 Exhibit C (copy of a title report relied upon by the United States previous to the generation of the
24 Title Report on October 27, 2005), attached to Ham Decl.

25     4.    Pursuant to 26 U.S.C. § 7403, "[a]ll persons having liens upon or claiming
26 any interest in the property involved in such action <u>shall</u> be made parties thereto."  <u>See</u> 26 U.S.C.
27 § 7403(b) (emphasis added).  As described above, Service Bureau may claim an interest in the
28 Natomas Property and, thus, under Section 7403(b) must be made a party to this action.

1  Consequently, the only amendment the United States proposes in its Second Amended
2  Complaint is alleging that Service Bureau may be a claimant.  See United States' Second
3  Amended Complaint, ¶ 9(g).

4      5.    Morever, there is a presumption in favor of granting leave to amend
5  because such leave should be freely granted unless there is undue delay, bad faith or dilatory
6  motive on the part of the movant, undue prejudice to the opposing party, or the amendment
7  would be futile.  See, e.g., Fed R. Civ. P. Rule 15; Foman v. Davis, 371 U.S. 178, 182 (1962);
8  Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).  In this case, the
9  United States did not act in bad faith, did not have a dilatory motive, nor was there undue delay
10 in not including Service Bureau as a named defendant.  The United States only recently
11 discovered Service Bureau's potential claim to the Natomas Property from its analysis of the
12 Title Report generated on October 27, 2005.   A previous title report relied upon by the United
13 States did not reflect Service Bureau as being a potential claimant.  See generally, Exhibit C
14 (copy of previous title report relied upon by the United States), attached to Ham Decl.  The
15 United States further submits that the parties would not be unduly prejudiced because the
16 judgment is against Moreno-Padilla (entered by the Municipal Court of California, County of
17 Marin); consequently, the parties, including Moreno-Padilla, do not have a basis to contest this
18 judgment in this action.  The United States does not contest the validity of the judgment and
19 anticipates filing a stipulation with Service Bureau regarding their relative priorities to their
20 claims against the Natomas Property.  See Ham Decl., ¶ 8.

21     6.    The United States does not seek additional discovery nor does it seek a
22 continuance of the Final Pretrial Conference and Trial start dates, April 28, 2006 and June 19,
23 2006, respectively.

24     7.    The United States has contacted Padilla, Padilla, Moreno-Padilla, Julie
25 Padilla, Nelly Patino, State of California Franchise Tax Board, and Robert Wilkes, either directly
26 or through represented counsel.  See Ham Decl., ¶ 7.  No defendant, except for Padilla, objects to

27
28

this Request.[1]

8. Alternatively, in lieu of granting this Request, the United States respectfully requests a status conference for it to consider the various reasons for and against the amended complaint and for guidance regarding Service Bureau's claim against the subject property within the context of this action.

9. A proposed Order is provided herewith.

WHEREFORE, the United States requests the Court to grant it leave to file its Second Amended Complaint.

Dated this 12th day of January, 2006.

                    McGREGOR W. SCOTT
                    United States Attorney

                    /s/ - Paul Ham
                    PAUL S. HAM
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    P.O. Box 683
                    Ben Franklin Station
                    Washington, D.C. 20044-0683
                    Telephone: (202) 307-6421
                    Facsimile: (202) 307-0054

                    Attorneys for the United States

---

[1] Peter Brixie, counsel for Julie Padilla, has not yet responded to the United States' inquiry regarding Julie Padilla's acquiescence to this Request. See Ham Decl., ¶ 7.

[Proposed]

**ORDER**

Having considered the United States' Request for Leave to File its Second Amended Complaint, and good cause being shown, the Request is hereby GRANTED and the Court directs the Clerk of Court to file the United States' Second Amended Complaint.

**IT IS SO ORDERED.**

Dated: 1/31/2006 .

/s/ David F. Levi
DAVID F. LEVI
CHIEF JUDGE
UNITED STATES DISTRICT COURT