IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

J. LEONARD PADILLA, et al.,

    Defendants.

CIV-S-01-2301 DFL GGH

MEMORANDUM OF OPINION AND ORDER

    The United States seeks to enforce a settlement agreement and to foreclose on property encumbered by federal tax liens. The court DENIES the motion to enforce the settlement agreement and orders foreclosure of the property in accordance with the conditions set forth below.

I.

    The government filed this suit on December 17, 2001. It seeks to foreclose on 59.5 acres of real property in Natomas ("Natomas property") owned by J. Leonard Padilla ("Padilla") and Julie Padilla ("Julie"). Julie Padilla and Leonard Padilla each have a one-half interest in the Natomas property. On March 4,

1

2005, the U.S. secured a money judgment against Leonard Padilla for unpaid taxes in the amount of $2,158,760.41 plus interest and penalties since February 24, 2004.  See United States v. Padilla, CIV-S-01-2300 DFL GGH, slip op. at 2, 5-6 (E.D. Cal. Mar. 4, 2005).

In June 2005, the government and Julie Padilla entered into a settlement agreement.  Julie agreed to pay the U.S. $2,350,000 in exchange for the U.S. discharging its liens against the Natomas property and dismissing this case.  (Mot. at 5.)  In addition, the U.S. agreed to reduce Leonard Padilla's debt by $2,000,000 and to reduce Rose Moreno-Padilla's debt by $350,000.  (Id.)  However, Julie did not pay the $2,350,000 due under this agreement.  (Ham Decl. ¶ 13.)

## II.

A.   Ordering Foreclosure

The government seeks a foreclosure order under Internal Revenue Code § 7403.  (Mot. at 10 n.4).  Section 7403 permits the government to file a civil action to recover taxes due from the sale of any property in which the taxpayer has an interest.  The section permits foreclosure and sale of an entire property even when the taxpayer shares his ownership interest in the property with a third-party.  United States v. Rodgers, 461 U.S. 677, 693-94, 103 S.Ct. 2132 (1983).

Courts weigh the following factors when deciding whether to order foreclosure on real property in which third-parties have a legal interest: (1) economic prejudice to the government; (2) the

third-party's legal expectations that the property would be protected from forced sale; (3) dislocation costs and potential undercompensation of the third-party; and (4) the comparative property interests of the delinquent taxpayer and the third-party. Id. Courts should balance these factors with a view towards the government's "paramount interest" in "prompt and certain collection of delinquent taxes." Id. at 710-11.

Julie argues that the Rodgers factors cited above weigh against ordering foreclosure in this case because she would be undercompensated by a forced sale.[1] (Opp'n at 5.) However, this contention misunderstands the Court's use of the term "undercompensated." The Court does not use the term to suggest that a third-party should be afforded the opportunity to select when and under what conditions the property should be sold. Instead, the Court is referring to the proper allocation of the proceeds of sale when the third-party possesses a non-ownership interest in the property such as a life estate or a state law homestead exemption. Rodgers, 461 U.S. at 698-99, 704-05. In those situations, the third-party may be entitled to a percentage of the proceeds in excess of her ownership interest in the foreclosed property. Id. at 698-99. There is nothing in Rodgers to support Julie's contention that a court should delay foreclosure because a properly held judicial sale will not fetch

---

[1] At oral argument Julie explained to the court that she is negotiating with various potential buyers and that she is seeking some kind of joint venture relationship that would pay her a lump sum upon sale and also permit her to share in future development income.

3

the highest possible selling price for the property. Therefore, the court finds that foreclosure of the Natomas property is appropriate.

However, as discussed at oral argument, the court is persuaded that all of the parties will be better off if the property is sold through a market transaction rather than a foreclosure sale. The government does not oppose this concept. Consequently, the government shall prepare a foreclosure order that provides for the appointment of a trustee who will be afforded a reasonable period of time within which to sell the property.

B.   Settlement Agreement

The government has failed to assert a basis for federal subject matter jurisdiction over the breach of contract claim. There are also numerous factual issues that would require an evidentiary hearing. As a result, the motion is DENIED without prejudice to its renewal in the event that the government seeks to go forward on this theory.

### III.

As discussed above, the court DENIES without prejudice the motion to enforce the settlement agreement and instructs the government to prepare a foreclosure order that provides for the appointment of a trustee who will be afforded a reasonable period of time to sell the property. To the extent possible, the government should seek to obtain the defendants' approval of the proposed order. The defendants may file objections to the

4

proposed order within 7 calendar days of its submission to the court.

IT IS SO ORDERED.

Dated: April 11, 2006

                                      /s/ David F. Levi
                                      DAVID F. LEVI
                                      United States District Judge