IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. Civ. S-01-02301 DFL GGH |
| Plaintiff, | Memorandum of Opinion and Order |
| v. | |
| J. LEONARD PADILLA, NELLY PATINO, ROSE MORENO-PADILLA, STATE OF CALIFONRIA FRANCHISE TAX BOARD, CARLOS M. ALCALA, JULIE A. PADILLA, CLIFFORD J. and CLIFFORD W. ELDRIDGE, INDEPENDENT APPRAISAL, INC., NATOMAS CENTRAL MUTUAL WATER COMPANY, | |
| Defendants.       / | |

Before the court are the government's motion for final judgment and foreclosure, Julie Padilla's motion to sell, and the government's motion to dismiss Leonard Padilla's counterclaim.  For the reasons discussed below, the court GRANTS the government's motion for judgment and foreclosure, and DENIES Julie Padilla's motion to sell.  Because the court finds that the counterclaim was filed in violation of the scheduling order, it shall be DISMISSED.

1

PDF created with pdfFactory trial version www.pdffactory.com

I. Facts

The government filed this lawsuit on December 17, 2001, seeking to foreclose on a sixty-acre property in Natomas (the "property" or the "Natomas property") to satisfy tax liabilities owed by Leonard Padilla, and to reduce to judgment the tax liability of Rose Moreno-Padilla.  When they divorced in 1993, Leonard Padilla and Rose Padilla-Moreno each took a one-half interest in the Natomas property.  On June 6, 2005, this court held that a tax lien of $2,158,760.41, plus interest and penalties, attaches to Leonard Padilla's one-half interest in the property.  This court also held that Rose Padilla-Moreno owes taxes in the amounts of $429,755.03 for tax year 1996 and $734.23 for tax year 1997, plus interest and penalties.

Before this lawsuit began, Rose Padilla-Moreno transferred her one-half interest in the property to her daughter, Julie Padilla.  The government considers this transfer to have been a sham, and has sought to attach Julie Padilla's one-half interest in the property to satisfy Rose Moreno-Padilla's tax obligations.

To stave off a foreclosure sale, on April 21, 2006, Julie Padilla, through her attorney, and the government stipulated to an order under which she and Leonard Padilla would have 210 days to effect the private sale of the property.  If the property were not sold within that period, Julie Padilla agreed that the

PDF created with pdfFactory trial version www.pdffactory.com

government would have a claim against her for $2,350,000, and that it would have the right to sell her interest in the property and apply the proceeds toward satisfying its claim. On November 14, 2006, the court extended the deadline for sale to February 23, 2007, but admonished the parties that "[n]o further extensions shall be granted."

On March 26, 2007, the government filed a motion for final judgment and order of foreclosure. In response, Julie Padilla filed a motion to forfeit her father's interest in the property to the government and order the government to sell that interest to a local developer under terms she has negotiated. Julie Padilla opposes the government's motion to foreclose and auction the property, asserting that she would have sold the property by the deadline were it not for her father's unreasonable refusal to sell his share. Leonard Padilla has filed an opposition to the government's motion, arguing that foreclosure should be stayed pending the resolution of his counterclaim against the government. According to Leonard Padilla, the property is worth much more than Julie Padilla's proposed sale would bring.

## II. Analysis

Julie Padilla may well be correct that her father's refusal to participate in the deal she has negotiated is unreasonable. But the possibility that Leonard Padilla might refuse to sell

3

was a known risk she assumed on April 21, 2006 in exchange for more time to organize a private sale.

The court is no longer persuaded, as it was in April 2006, that all of the parties will be better off if the property is sold privately. Given the drawn-out nature of the case and the parties' conflicting agendas, the government is now entitled to foreclose without further uncertainty and delay.

Finally, Leonard Padilla's counterclaim is no impediment to foreclosure, as the court finds that it was filed in violation of a scheduling order and should be dismissed. On July 10, 2002, Judge Damrell, before whom this case was then pending, issued a pretrial scheduling order under Fed. R. Civ. P. 16(b) stating that no further amendments or pleadings were to be filed without leave of court, good cause having been shown. Leonard Padilla filed his counterclaim nearly four years later, on February 17, 2006, without leave of court and without making any attempt to demonstrate good cause. Moreover, the counterclaim is a wholly inadequate pleading, as Padilla concedes, and is clearly designed to delay and obstruct these proceedings. If Padilla wishes to pursue the claims contained in his counterclaim, he must file a separate lawsuit.

## CONCLUSION

The government's motion for final judgment and order of foreclosure is GRANTED. The court will sign the government's

4

PDF created with pdfFactory trial version www.pdffactory.com

proposed order.  Julie's motion for sale is DENIED, and Leonard's counterclaim is DISMISSED.

    IT IS SO ORDERED.

Dated:  June 1, 2007

                                      /s/ David F. Levi_____
                                      DAVID F. LEVI
                                      United States District Judge

PDF created with pdfFactory trial version www.pdffactory.com