McGREGOR W. SCOTT
United States Attorney

PAUL S. HAM
JUSTIN S. KIM
Trial Attorneys, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC 20044-0683
Telephone: (202) 307-6421
Telephone: (202) 307-0977
Facsimile: (202) 307-0054
E-mail: paul.s.ham@usdoj.gov
E-mail: justin.s.kim@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES,

Plaintiff,

v.

J. LEONARD PADILLA, NELLY PATINO, ROSE MORENO-PADILLA, et al.,

Defendants.

Civil No. 2:01-CV-02301-DFL-GGH

**FINAL JUDGMENT AND ORDER OF FORECLOSURE**

UPON consideration of the United States' Motion for Final Judgment and an Order of Foreclosure; the Court's money judgment entered against defendant J. Lenoard Padilla and in favor of the United States in the amount of $2,158,760.41, plus accrued interest and penalties since February 29, 2004, for unpaid taxes for 1986 through 1988 and 1992 through 1999 (United States v. J. Leonard Padilla, CIV-S-01-2300 DFL GGH); the Court's determination, in this action, that defendant Rose Moreno-Padilla remains indebted to the United States in the amounts of $429,755.03 and $734.23 for 1996 and 1997, respectively, plus accrued interest and penalties since August 16, 2001; the United States' stipulations with defendants Julie Padilla, State of California Franchise Tax Board, Nelly Patino, and Robert Wilkes; dismissals of defendants Carlos M Alcala, Natomas Central Mutual Water Company, and

California Service Bureau of Marin County, Inc.; and defaults entered against defendants Clifford J. and Clifford W. Eldridge; the Court hereby enters Final Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as follows:

IT IS HEREBY ORDERED AND ADJUDGED that the assessments made against defendant J. Leonard Padilla's outstanding federal tax liabilities for 1986 through 1998 and 1992 through 1999 - already reduced to judgment in the amount of $2,158,760.41, plus accrued interest and penalties since February 29, 2004 (United States v. J. Leonard Padilla, CIV-S-01-2300 DFL GGH) - attach to his ½ interest in the Natomas property (particularly described below).

IT IS HEREBY ORDERED AND ADJUDGED that defendant Rose Moreno-Padilla remains indebted to the United States in the amounts of $429,755.03 and $734.23 for 1996 and 1997, respectively, plus accrued interest and penalties since August 16, 2001.

IT IS HEREBY ORDERED AND ADJUDGED that the United States has a claim against Julie Padilla in the amount of $2,350,000 based upon the Stipulated Order entered against her which binds her to pay $2,000,000 and $350,000, respectively, toward J. Leonard Padilla's and Rose Moreno Padilla's unpaid tax liabilities, plus penalties and interest, as described above. Moreover, the United States' claim against Julie Padilla, in the amount of $2,350,000, attaches to her ½ interest in the Natomas Property.

IT IS HEREBY ORDERED AND ADJUDGED that the Natomas Property, in its entirety, be sold with ½ of the proceeds applied against J. Leonard Padilla's debts and with the remaining ½ of the proceeds applied against Julie Padilla's debts. The Natomas Property is particularly described as follows:

LOT 92 AND THE NORTH ONE-HALF OF LOT 91, AS SHOWN ON THE "PLAT OF NATOMAS CENTRAL SUBDIVISION," RECORDED IN BOOK 16 OF MAPS, MAP NO. 3, RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM THE FOLLOWING AS DESCRIBED AS FOLLOWS:

BEGINNING AT THE BOLT SET IN A CONCRETE MONUMENT MARKING THE CORNER COMMON TO SECTIONS 32, 33, 5, AND 4, TOWNSHIP 9 AND 10 NORTH, RANGE 4 EAST, M.D.M., AND ALSO MARKING THE NORTHWEST CORNER OF SAID LOT 92 (FROM WHICH MONUMENT THE 2 ½ INCH IRON PIPE IN A CONCRETE MONUMENT MARKING THE CORNER COMMON TO SECTIONS 33, 34, 4 AND 3, TOWNSHIP 9 AND 10 NORTH, RANGE 4 EAST, M.D.M., BEARS NORTH 89 DEGREES 39 FEET 26 INCHES EAST 5185.64 FEET); THENCE FROM SAID POINT OF BEGINNING ALONG THE WESTERLY LINE OF SAID LOTS 92 AND 91 SOUTH 00 DEGREES 25 FEET 8 INCHES EAST 953.18 FEET; THENCE LEAVING SAID WESTERLY LINE NORTH 89 DEGREES 45 FEET 00 INCHES EAST 16.75 FEET; THENCE

NORTH 7 DEGREES 44 FEET 11 INCHES EAST 100.98 FEET; THENCE NORTH 67 DEGREES 8 FEET 44 INCHES EAST 52.00 FEET; THENCE NORTH 89 DEGREES 46 FEET 00 INCHES EAST 78.00 FEET; THENCE ALONG A CURVE TO THE LEFT WITH A RADIUS OF 230.00 FEET, THROUGH AN ANGLE OF 90 DEGREES 00 FEET 00 INCHES AN ARCH LENGTH OF 361.28 FEET (THE CHORD OF WHICH CURVE BEARS NORTH 44 DEGREES 46 FEET 00 INCHES EAST 325.27 FEET); THENCE NORTH 0 DEGREES 14 FEET 00 INCHES WEST 399.00 FEET; THENCE ALONG A CURVE TO THE RIGHT WITH A RADIUS OF 170.00 FEET, THROUGH AN ANGLE OF 90 DEGREES 00 FEET 00 INCHES AN ARCH LENGTH OF 267.04 FEET (THE CHORD OF WHICH CURVE BEARS NORTH 44 DEGREES 46 FEET 00 INCHES EAST 240.42 FEET TO A POINT DISTANT SOUTH 0 DEGREES 14 FEET 00 INCHES EAST 181.00 FEET FROM ENGINEER'S STATION "C" 334-00.00 OF THE DEPARTMENT OF PUBLIC WORKS' 1961 SURVEY FROM EL CENTRO BOULEVARD TO SACRAMENTO RIVER NEAR ELKHORN, STATE HIGHWAY III-SAC-236-C (NOW 03-SAC-5); THENCE NORTH 89 DEGREES 46 FEET 00 INCHES EAST 1,100.74 FEET; THENCE FROM A TANGENT THAT BEARS NORTH 89 DEGREES 40 FEET 59 INCHES EAST ALONG A CURVE TO THE RIGHT WITH A RADIUS OF 2,370.00 FEET, THROUGH AN ANGLE OF 13 DEGREES 48 FEET 12 INCHES, AN ARCH LENGTH OF 570.97 FEET (THE CHORD OF WHICH CURVE BEARS SOUTH 83 DEGREES 24 FEET 55 INCHES EAST 569.59 FEET) TO A POINT IN THE EASTERLY LINE OF SAID LOT 92; THENCE ALONG SAID EASTERLY LINE NORTH 0 DEGREES 32 FEET 57 INCHES WEST 106.05 FEET TO THE NORTHEAST CORNER OF SAID LOT 92; THENCE ALONG THE NORTH LINE OF SAID LOT 92, SOUTH 89 DEGREES 39 FEET 26 INCHES WEST 2,225.56 FEET TO THE SAID POINT OF BEGINNING OF THE LANDS HEREIN DESCRIBED, AS CONVEYED TO THE STATE OF CALIFORNIA BY DEEDS RECORDED SEPTEMBER 20, 1965, IN BOOK 5331, PAGE 124 OF OFFICIAL RECORDS.

APN: 225-0030-023

Accordingly, and pursuant to, *inter alia*, Sections 7402(a) and 7403 of 26 U.S.C., and Sections 2001 and 2002 of 28 U.S.C., the federal tax liens underlying the money judgment entered against J. Leonard Padilla and the Stipulated Order entered against Julie Padilla are hereby enforced against the Natomas Property, and all improvements, buildings, and appurtenances thereon or thereto. This final judgment and order shall act as a special writ of execution and no further orders or process from the Court shall be required. The terms and conditions of sale shall be as follows:

1. The United States Marshal for the Eastern District of California, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Natomas Property. The United States may choose either the United States Marshal or a PALS to carry out the sale under this order and shall make the arrangements for any sale as set forth in this Order.

2. The Marshal, his or her representative, or a PALS representative is authorized to have free access to the Natomas Property and to take all actions necessary to preserve the property,

including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the property is delivered to the ultimate purchaser.

3. The terms and conditions of the sale of the Natomas Property are as follows:

a. The sale shall be free and clear of the interests of J. Leonard Padilla, Julie Padilla, Rose Moreno-Padilla, and all other parties named in this case.

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the property, and easements and restrictions of record, if any;

c. The sale shall be held at the courthouse of the county or city in which the property is located, on the property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

d. The date and time for sale are to be announced by the United States Marshal, his/her representative, or a PALS;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Sacramento County, and, at the discretion of the Marshal, his/her representative, or a PALS, by any other notice deemed appropriate. The notice shall contain a description of the property and shall contain the terms and conditions of sale in this order of sale;

f. The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

g. The successful bidder(s) shall be required to deposit at the time of the same with the Marshal, his/her representative, or a PALS a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to

the United States District Court for the Eastern District of California. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h. The balance of the purchase price for the property is to be paid to the United States Marshall or a PALS (whichever person is conducting the sale) within 20 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of J. Leonard Padills's and Rose Moreno-Padilla at issue herein. The realty shall be again offered for sale under the terms and conditions of this order of sale. The United States may bid as a credit against its judgment without tender of cash;

i. The sale of the property shall be subject to confirmation by this Court. The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within 20 days from the date of receipt of the balance of the purchase price;

j. On confirmation of the sale, the Marshal or PALS shall execute and deliver a deed of judicial sale conveying the property to the purchaser;

k. On confirmation of the sale, all interests in, liens against, or claims to, the property that are held or asserted by all parties to this action are discharged and extinguished;

////

l. On confirmation of the sale, the recorder of deeds for Sacramento County, California shall cause transfer of the property to be reflected upon that county's register of title; and

m. The sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4. Until the Natomas Property is sold, J. Leonard Padilla, Julie Padilla, and all other defendants to this action shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property. They shall neither commit waste against the property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the property nor cause or permit anyone else to do so. The defendants, or any other parties claiming an interest in the property, shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

5. All persons occupying the Natomas Property shall leave and vacate the property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deem appropriate to remove such person from the premises, whether or not the sale of such property is being conducted by a PALS. If any person fails or refuses to remove his or her personal property from the property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner they deem appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

////

6. The proceeds arising from sale of the Natomas Property, along with the $100,000 (plus any applicable interest) currently held by the Court's Registry in connection with this action, are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

a. To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale;

b. To all taxes unpaid and matured that are owed to Sacramento County for real property taxes on the property;

c. To Nelly Patino as agreed by her stipulation with the United States;

d. The remaining proceeds from the sale shall be divided in half with each half distributed to the claimants of J. Leonard Padilla's and Julie Padilla's respective ½ interest in the property as follows:

I. J. Leonard Padilla's remaining ½ share shall be distributed in the following order:

i. First, to the Franchise Tax Board as agreed by its stipulation with the United States; and

ii. Second, to the United States to be applied against its judgment against J. Leonard Padilla in the amount of $2,158,760.41, plus accrued interest and penalties since February 29, 2004, for his outstanding federal tax liabilities for the 1986 through 1998 and 1992 through 1999 tax years.

II. Julie Padilla's remaining ½ share shall be distributed in the following order:

i. First, to Robert Wilkes as agreed by his stipulation with the United States;

ii. Second, to the United States to be applied against its claim against Julie Padilla under the Stipulated Order in which she agreed to pay $350,000 toward Rose Moreno-Padilla's outstanding federal income tax liabilities for the 1996 and 1997 years; and

iii. Third, to the United States to be applied against its claim against Julie Padilla under the Stipulated Order in which she agreed to pay $2,000,000 toward J. Leonard Padilla's outstanding federal tax liabilities as reflected in judgment entered against him the in the amount of $2,158,760.41, plus accrued interest and penalties since February 29, 2004, for the 1986 through 1998 and 1992 through 1999 tax years (the amount paid to the United States on this claim, $2,000,000, shall be reduced by the any amounts the United States recovers from the proceeds generated from the sale of J. Leonard Padilla's ½ interest in the Natomas property, as stated above); and

III. Any balance remaining after the above payments shall be held by the Court's Registry until further order of this Court.

**IT IS SO ORDERED.**

Dated: June 1, 2007

/s/ David F. Levi
DAVID F. LEVI
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Submitted by:

McGREGOR W. SCOTT
United States Attorney

/s/ - Paul Ham
PAUL S. HAM
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC 20044-0683
Telephone: (202) 307-6421
Facsimile: (202) 307-0054

Attorneys for the United States of America